UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LEAVELL, and
JOELLA J. LEAVELL,

    Plaintiffs,

vs.

WELLS FARGO BANK, N.A.,
as successor corporation to
Wells Fargo Home Mortgage, Inc.,
as successor corporation to
Norwest Mortgage, Inc.,
BARNES & RACETTE, INC.
GUARANTEE TITLE AND TRUST, INC.
as successor corporation to
Title Quest Insurance Agency, Inc.,
ELLA YIANNATJI, an individual,
EDWARD LEE, an individual,
JP MORGAN CHASE BANK, INC.
as successor corporation to
Washington Mutual,

    Defendants.

Case No. 2:08-cv-15278

Hon. Sean F. Cox

---

Francois Nabwangu (P61388)
FRANCOIS NABWANGU, PLC
Joseph M. Wright (P71885)
Elwood S. Berry, Jr. (P28880)
Deborah A. Dickson (39841)
Douglas K. MacLean (48880)
WRIGHT BERRY CANTRELL &
  STANLEY, PLLC
Attorneys for Plaintiffs
21543 Grand River Ave.
Detroit, MI 8219
(313) 255-9920

Matthew J. Boettcher (P40929)
Charity A. Olson (P68295)
PLUNKETT COONEY
Attorneys for Wells Fargo and Chase
38505 Woodward Avenue,
Suite 2000
Bloomfield Hills, MI 48304
(248) 901-4035

---

**DEFENDANTS' RESPONSE OPPOSING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

## TABLE OF CONTENTS

STATEMENT OF ISSUE PRESENTED..........................................................................3

MOST CONTROLLING AUTHORITIES.......................................................................4

I. INTRODUCTION.................................................................................................5

II. STATEMENT OF FACTS....................................................................................5

III. ARGUMENT.........................................................................................................7

    A. Plaintiffs Have Failed To Satisfy Their Burden of Proving That They Are Entitled To An Injunction...........................................................................7

        1. Plaintiffs Have Failed to Establish a Strong Likelihood of Success On The Merits................................................................................................8

            a. Plaintiffs' Claims Are Barred By *Res Judicata*.........................8

            b. Plaintiffs' Legal And Equitable Claims Are Barred Under The Applicable Statutes Of Limitations, The Doctrine Of Laches And TILA's Statutory Provisions............................10

        2. Plaintiffs Have Not Established Irreparable Harm........................13

        3. Plaintiffs Have Failed To Establish That The Balance of Equities Weighs In Favor Of An Injunction..............................14

        4. Plaintiffs Have Failed To Establish That The Public Interest Will Be Served By The Requested Injunction..............................14

    B. The Anti-Injunction Act Limits Federal Courts From Granting Injunctions To Stay State Court Proceedings.....................................................................15

IV. CONCLUSION AND REQUESTED RELIEF............................................15

## STATEMENT OF ISSUE PRESENTED

Should the Court deny Plaintiffs' request for injunctive relief given that they have failed to demonstrate a substantial likelihood that they will prevail on their claims, which are precluded by *res judicata* and the applicable statute of limitations, and have not shown that they will suffer irreparable harm?

Defendants answer: Yes

## MOST CONTROLLING AUTHORITIES

**Cases**
*Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286-87, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970) .................................................................................................. 15
*Browning v. Levy*, 283 F.3d 761, 771 (6th Cir.2002) ............................................................. 9
*Federated Department Stores v. Moitie*, 452 U.S. 394 (1981) ................................................ 9
*Foster v. Argent Mortg. Co., L.L.C.*, 2007 WL 2109558 (E. D. Mich.) ................................ 15
*Gonzales v. National Bd. Of Med. Exam'rs*, 225 F. 3d 620, 625 (6th Cir. 2000) ................... 8
*In re Chattanooga Wholesale Antiques, Inc.*, 930 F.2d 458, 463 (6th Cir. 1991) .................. 9
*In re Crawford's Estate*, 115 Mich. App 19, 26 (1982) .......................................................... 11
*In re Farris Estate*, 160 Mich. App. 14, 18-19 (1987) ............................................................ 11
*In re Young*, 48 B. R. 678, 680 (Bankr. E. D. Mich. 1985) ................................................... 12
*Leary v. Daeschner*, 228 F. 3d 729, 739 (6th Cir. 2000) ....................................................... 8
*Marschner v. RJR Fin. Servs., Inc.*, 382 F. Supp. 2d 918, 921 (E. D. Mich. 2005) .............. 12
*Martingale LLC v. City of Louisville*, 361 F.3d 297, 302 (6th Cir.2004) ............................. 15
*McPherson v. Michigan High School Athletic Ass'n*, 119 F. 3d 453, 459 (6th Cir. 1997) (*en banc*) .......................................................................................................................................... 8
*Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. E.F. Hutton & Co., Inc.*, 403 F. Supp. 336, 343 (E.D. Mich. 1975) ............................................................................................... 13
*Michigan State AFL-CIO v. Miller*, 103 F. 3d 1240, 1249 (6th Cir. 1997) ........................... 8
*Morris v. Lomas and Nettleton Co.*, 708 F. Supp. 1198 (D. Kan. 1989) ............................... 12
*Overstreet v. Lexington-Fayette Urban County Government*, 305 F. 3d 566, 573 (6th Cir. 2002). 8
*Rudisell v. Fifth Third Bank*, 622 F. 2d 243 (6th Cir. 1980) ................................................. 12
*Rust v. Quality Car Corral, Inc.*, 614 F. 2d 1118 (6th Cir. 1980) .......................................... 12
*Sanders Confectionary Prod., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 480 (6th Cir. 1992) ............ 9
*Schwartz v. Ruehs*, 348 Mich. 680, 683 (1967) .................................................................... 13
*Wagner Elec. Corp. v. Hydraulic Brake Co.*, 269 Mich. 560, 565 (1934) ............................ 13

**Statutes**
15 U.S.C. § 1601 ........................................................................................................................ 7
15 U.S.C. § 1635(a) ................................................................................................................. 12
15 U.S.C. § 1635(f) .................................................................................................................. 12
15 U.S.C. § 1640(c) ................................................................................................................. 12
28 U.S.C. § 2283 ...................................................................................................................... 15
MCL § 445.901 .......................................................................................................................... 7
MCL § 445.911(7) ................................................................................................................... 11
MCL § 600.5805(10) ............................................................................................................... 11
MCL § 600.5813 ...................................................................................................................... 11
MCL § 600.5827 ...................................................................................................................... 10

4

Defendants, Wells Fargo Bank, N.A., as successor corporation to Wells Fargo Home Mortgage, Inc., as successor corporation to Norwest Mortgage, Inc. ("Wells Fargo") and JP Morgan Chase Bank, Inc., as successor to Washington Mutual Bank ("Chase Bank"), by their attorneys, Plunkett Cooney, for their Response Opposing Plaintiffs' Ex Parte Motion for Restraining Order and Preliminary Injunction, state:

## I. INTRODUCTION

The instant case represents a last ditch effort by Plaintiffs to stall and delay state court eviction proceedings at the end of a state statutory foreclosure action arising from Plaintiffs' mortgage default. Despite making payments on the mortgage for years and affirming the validity of the mortgage in three separate legal proceedings, Plaintiffs now assert that they never signed the mortgage or knew of its existence. The facts and procedural record clearly belie Plaintiffs' incredible about-face. For the reasons that follow, Plaintiffs' attempt to mislead this Court concerning the facts underlying their various claims, while suggesting that those misstated facts support a finding of irreparable harm, should be rejected. Plaintiffs' motion should be denied.

## II.  STATEMENT OF FACTS

On or about December 2, 1997, Plaintiffs, Robert Leavell and Joella Leavell ("Plaintiffs"), executed an adjustable rate mortgage in favor of Banker's Trust against the real property located at 4715 Trailview, West Bloomfield, Michigan. Complaint, ¶ 13. On that same day, Plaintiffs granted a second mortgage against the property in favor of Sterling Bank & Trust ("Sterling Bank"). Various liens were subsequently filed against the property as a result of legal proceedings that Plaintiffs were involved in (the "judgment-related liens"). *Id.*, at ¶ 15.

In August of 1999, Plaintiffs assert that they received notice of an interest rate adjustment on the Banker's Trust mortgage. At or around this same time, Plaintiffs allege that, Defendants,

5

Barnes & Racette, Inc. ("Barnes"), and Edward Lee ("Lee") – having knowledge of the rate adjustment – somehow used this knowledge to negotiate the release of the judgment-related lien(s) while obtaining a new mortgage on the property in favor of Norwest Mortgage, Inc. **Exhibit A**: Norwest Mortgage.[1] Proceeds from the Norwest Mortgage were used to payoff and discharge both the Banker's Trust (c/o Advanta) and Sterling Bank mortgages. **Exhibit B**: Closing Statement.

Although Plaintiffs now assert that they "never executed any of the documents associated with the Norwest mortgage" and they were "unaware of the Banker's Trust mortgage discharge," they allegedly began paying the Norwest Mortgage believing that the original interest rate on the Banker's Trust mortgage had simply adjusted.[2] Complaint, ¶ 23, 36. However, notwithstanding Plaintiffs' contention that they had no knowledge of the Norwest Mortgage prior to August 2008, it appears that Plaintiffs, along with Norwest, were named in a 2003 judicial foreclosure action in the Oakland County Circuit Court arising out of unpaid condominium assessments. *Id.*, ¶ 35; **Exhibit C**: Oakland County Docket (Case No.: 03-050601-CH); **Exhibit D**: Cross and Counter Claim by Jeffrey Levine (holder of the judgment-related liens); **Exhibit E**: Consent Judgment.

Plaintiffs also filed for Chapter 13 bankruptcy protection in the United States Bankruptcy Court for the Eastern District of Michigan on November 25, 2005 (the "2005 Petition") and, again, on November 30, 2006 (the "2006 Petition"). **Exhibit F**: 2005 Petition; **Exhibit G**: 2006 Petition. In both bankruptcy proceedings, Plaintiffs listed the Norwest (n/k/a Wells Fargo)

---

[1] Defendants, Wells Fargo Bank, N.A., is successor to Wells Fargo Home Mortgage, Inc., the successor corporation to Norwest Mortgage, Inc. ("Wells Fargo"). JP Morgan Chase Bank, Inc., is successor to Washington Mutual Bank ("Chase Bank"),

[2] Plaintiffs' Complaint makes no mention of the Sterling Bank mortgage or discharge. Assuming *arguendo* that Plaintiffs' explanation of how it came to be that they began making payments to an entirely different entity on a mortgage that they allegedly had no knowledge is plausible – and it is not - it strains credulity to suggest that Plaintiffs' second mortgage (and corresponding payment obligations) to Sterling Bank simply "vanished" without Plaintiffs' knowledge.

6

Mortgage on their bankruptcy schedules and corresponding Chapter 13 Plans. *Id.*; **Exhibit H**: Chapter 13 Plan – 2005 Petition; **Exhibit I**: Chapter 13 Plan – 2006 Petition.

Orders of the bankruptcy court confirming Plaintiffs' Chapter 13 Plans were entered on March 29, 2006 and on March 29, 2007, respectively. **Exhibit J**: Order Confirming Plan and Lift of Automatic Stay; **Exhibit K**: Order Confirming Plan. Both cases were ultimately dismissed after Plaintiffs failed to make the requisite plan payments.

Plaintiffs eventually defaulted on the subject mortgage and the property was sold at a sheriff's sale on August 26, 2008. **Exhibit L**: Sheriff's Deed. Thereafter, an December 4, 2008, Plaintiffs filed a Verified Complaint in the Oakland County Circuit Court attacking the validity of the mortgage and asserting seven causes of action: Slander of Title and Quiet Title; Common Law Rescission (Count I); Fraud (Count II); Conspiracy (Count III); Michigan Consumer Protection Act MCL 445.901 *et seq* and Unlawful Trade Practices (Count IV); negligence (Count V); Unjust Enrichment (Count VI); and TILA 15 U.S.C. § 1601 *et seq*. Plaintiffs' lawsuit was subsequently removed to this Court on December 26, 2008.

The statutory redemption period expired on March 28, 2009.[3] On April 7, 2009, the property was conveyed via quit claim deed to JPMC Specialty Mortgage, Inc. (aka Chase Bank). **Exhibit M**: Quit Claim Deed. On April 29, 2009, Plaintiffs filed the instant motion. For the reasons set forth below, Plaintiffs' request for entry of a preliminary injunction should be denied.

### III.   ARGUMENT

**A.   Plaintiffs Have Failed To Satisfy Their Burden Of Proving That They Are Entitled To An Injunction**

---

[3] On December 10, 2008, the Oakland County Circuit Court held a hearing regarding Plaintiffs' Motion for Ex Parte TRO/Injunction. The Court extended the statutory redemption period for 30 days but an injunction was never granted.

7

A preliminary injunction is an extraordinary remedy that should only be granted in the most compelling cases. *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). To determine whether a preliminary injunction should issue, the Court should weigh four factors: (1) whether the moving party has demonstrated a strong likelihood of success on the merits; (2) whether the moving party will be irreparably injured absent an injunction; (3) whether issuance of the injunction will substantially injure the other interested parties (including defendant); and (4) whether the public interest would be served by the issuance of the injunction. *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002); *McPherson v. Michigan High School Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (*en banc*). The moving party bears the burden of demonstrating their entitlement to a preliminary injunction and their burden is a heavy one.

### 1. Plaintiffs Have Failed to Establish a Strong Likelihood of Success On The Merits

Although no one factor is controlling when determining whether a preliminary injunction should issue, the likelihood of success on the merits is often times a predominate consideration. *Gonzales v. National Bd. Of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000) ("…a finding that there is simply no likelihood of success on the merits is usually fatal."); *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997) ("While, as a general matter, none of [the] four factors are given controlling weight, a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed."). In this instance, Plaintiffs' claims are barred by *res judicata* and the statutes of limitations. Plaintiffs' rescission claims – under common law and/or TILA - are also precluded. For these reasons, Plaintiffs cannot show any likelihood of success on the merits and the instant motion must be denied.

### a. Plaintiffs' Claims Are Barred By *Res Judicata*

A review of the factual allegations and previous proceedings related to the subject mortgage demonstrates that Plaintiffs' claims are barred by *res judicata*. The doctrine of *res judicata* promotes the finality of judgments, discourages serial litigation and conserves judicial resources. *Federated Department Stores v. Moitie,* 452 U.S. 394 (1981). A claim is barred by the *res judicata* effect of prior litigation if all of the following elements are present: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies'; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Browning v. Levy,* 283 F.3d 761, 771 (6th Cir.2002).

Here, Plaintiffs have been parties to three separate proceedings in which a final judgment has been rendered confirming the subject mortgage. In the two prior bankruptcy proceedings, Plaintiffs failed to disclose the instant claims in their bankruptcy filings and did not otherwise object to the Norwest Mortgage. Indeed, Plaintiffs scheduled the Mortgage as a secured claim and expressly provided for payment of the Mortgage in their Chapter 13 Plans as confirmed by the Court in both proceedings.

The Sixth Circuit has held that "confirmation of a plan of reorganization constitutes a final judgment in bankruptcy proceedings. *Sanders Confectionary Prod., Inc. v. Heller Fin., Inc.,* 973 F.2d 474, 480 (6th Cir. 1992). For purposes of *res judicata*, such confirmation has "the effect of a judgment by the district court." *In re Chattanooga Wholesale Antiques, Inc.,* 930 F.2d 458, 463 (6th Cir. 1991); *Browning, supra* at 772. The first *res judicata* factor is satisfied.

The state court judicial foreclosure action arising out of Plaintiffs' unpaid condominium assessments was, likewise, resolved pursuant to a Consent Judgment signed by Plaintiffs. The Judgment provides, in part, that in the event Plaintiffs default in the terms and conditions therein,

9

the condominium association can sell the property, "subject to the mortgage held by Norwest Mortgage, Inc., as recorded in the Oakland County Records." **Exhibit E, ¶ 8.**

Plaintiffs were represented by counsel in each of the previous proceedings. Any attack as to the validity of the Norwest Mortgage could, and should, have been raised by Plaintiffs in those proceedings, each of which involved the same parties and the Norwest Mortgage. Thus, the second and third *res judicata* factors have also been established.

The final element of *res judicata*-that there be an "identity of claims"-is also is satisfied because the claims Plaintiff seek to raise in this case "arose out of the same core of operative facts" necessarily decided in the prior bankruptcy proceedings. Specifically, the existence and validity of the mortgage claims Plaintiff now seek to challenge in this case were considered and decided – twice – in Plaintiffs' bankruptcy cases.

Given this factual and procedural backdrop, Plaintiffs' attempt to challenge the validity of the Norwest Mortgage is this case is barred by *res judicata*. As such, Plaintiffs have not, and cannot, establish a strong likelihood of success on the merits. On this basis, alone, Plaintiffs' motion should be denied.

      **b.**      **Plaintiffs' Legal And Equitable Claims Are Barred Under The Applicable Statutes Of Limitations, The Doctrine Of Laches And TILA's Statutory Provisions**

Plaintiffs' claims are premised on the alleged actions surrounding origination of the Norwest Mortgage on June 25, 1999. For purposes of determining the applicable limitations period for Plaintiffs' common law claims, MCL § 600.5827 provides:

> Except as otherwise expressly provided, the period of limitations runs from the time the claim accrues. The claim accrues … at the time the wrong upon which the claim is based was done regardless of the time when damage results.

Thus, Plaintiffs' fraud, conspiracy, negligence and unjust enrichment claims, if any, accrued on June 25, 1999 and are time-barred. See MCL § 600.5805(10) (providing a three-year limitations period for injuries to person; MCL § 600.5813 (providing a six-year limitations period for all other personal actions).

Plaintiffs' slander of title/quiet title/common law rescission claim is, likewise, barred under the doctrine of laches. A person is charged with knowledge of the public record and recordation of a deed, or in this case, a mortgage, provides constructive notice of the disposition of real property. *In re Farris Estate,* 160 Mich. App. 14, 18-19 (1987); *In re Crawford's Estate,* 115 Mich. App 19, 26 (1982). To successfully assert the defense of laches, the defendant must demonstrate that there was a passage of time combined with some prejudice to the party asserting the defense which was a result of the plaintiff's want of due diligence. *In re Crawford Estate, supra.*

These elements are satisfied in this case. Here, Plaintiffs waited over 9 years to contest the validity of the Norwest Mortgage. Besides having constructive notice of the Mortgage by virtue of its recording with the Oakland County Register of Deeds on August 2, 1999, Plaintiffs had actual notice of the Mortgage going back to the judicial foreclosure action that was filed in 2003 and reaffirmed in their bankruptcy petitions. In the interim, the Mortgage has been foreclosed, the redemption period has run and the property has been deeded to another party. Plaintiffs have, nonetheless, continued to occupy the property at the expense of Wells Fargo and/or Chase Bank. This is plainly a case where the passage of time, combined with some prejudice to Defendants resulted from Plaintiff's want of due diligence

Plaintiffs' claim under the Michigan Consumer Protection Act is, likewise, barred by a six-year statute of limitations, MCL § 445.911(7), as is Plaintiffs' Truth-in-Lending ("TILA")

11

claim pursuant to the one-year statute of limitations set forth in 15 U.S.C. § 1640(e). See *Rudisell v. Fifth Third Bank,* 622 F.2d 243 (6th Cir. 1980) (suit for TILA violations commenced 14 months after promissory note was signed held time-barred); *Rust v. Quality Car Corral, Inc.,* 614 F.2d 1118 (6th Cir. 1980) (one-year statute of limitations for action alleging TILA violations began to run on the date when plaintiff entered into installment sale agreement); *Morris v. Lomas and Nettleton Co.,* 708 F. Supp. 1198 (D. Kan. 1989) (one-year statute of limitations for recovering damages based on defendants alleged violations of Truth-in-Lending Act began to run on date of loan closing, which was the date of occurrence of violation).

Finally, Plaintiffs' rescission rights, if any, under the Truth-in-Lending Act ("TILA") have also been extinguished as a matter of law. TILA provides that in the case of a consumer credit transaction in which a security interest will be retained on any property used as the consumer's principal dwelling, the consumer has the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or delivery of the material disclosure and rescission forms, whichever is later. 15 U.S.C. § 1635(a). If the creditor fails to deliver the forms or fails to provide the required information, then the consumer's right of rescission extends for three years after the date of consummation of the transaction, *or upon the sale of the property,* whichever occurs first. 15 U.S.C. § 1635(f) (emphasis added). Thus, Plaintiffs' right under TILA to rescind the mortgage was cut-off three years after the Norwest Mortgage was given, i.e. August 2002, or at the latest at the time of the August 28, 2008 sheriff's sale. *Marschner v. RJR Fin. Servs., Inc.,* 382 F. Supp. 2d 918, 921 (E.D. Mich. 2005), citing *In re Young,* 48 B. R. 678, 680 (Bankr. E.D. Mich. 1985).

These limitations and preclusions are fatal to Plaintiffs' claims and further establish that Plaintiffs have no likelihood of success in this matter. For all of these reasons, Plaintiffs' motion should be denied.

### 2. Plaintiffs Have Not Established Irreparable Harm

When determining the propriety of a preliminary injunction, the Court must also consider whether the moving party has demonstrated that he will suffer *immediate and irreparable harm* unless the preliminary injunction issues. Although the term is difficult to define, a useful characterization of "irreparable injury" is found in Judge Pratt's Opinion in *Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. E.F. Hutton & Co., Inc.*, 403 F. Supp. 336, 343 (E.D. Mich. 1975), where Judge Pratt stated:

> Basically, the concept of irreparable injury turns upon the inadequacy of compensatory damages. . . . The moving party must demonstrate a non-compensable injury, for which there is no legal measure of damages, or none that can be determined with a sufficient degree of certainty. The injury must be both certain and great; it must be actual, and not merely theoretical. (Citations omitted).

Thus, to be considered "irreparable," the harm alleged must not be capable of being compensated through an award of damages. *Wagner Elec. Corp. v. Hydraulic Brake Co.*, 269 Mich. 560, 565 (1934). An injunction should be denied where an award of money at the conclusion of the case will adequately compensate the plaintiff for any proven loss. *Schwartz v. Ruehs*, 348 Mich. 680, 683 (1967) (". . . where there is an adequate and complete remedy at law, a court of equity will not take jurisdiction"). Proving irreparable harm is, and should be, a heavy burden.

In this case, Plaintiffs allege that Defendants Barnes and Lee, in conjunction with others, falsified the Norwest Mortgage documents. Even if this is true, Wells Fargo would still be entitled to an equitable lien against the property representing the Mortgage proceeds that were advanced to pay off and discharge Plaintiffs' prior mortgages with Banker's Trust and Sterling

Bank. To the extent Plaintiffs are not prepared to immediately tender these proceeds and Plaintiffs' claims against Wells Fargo and Chase Bank are otherwise barred, as set forth above, Plaintiffs' claims, if any, against the remaining Defendants are limited to money damages and, thus, Plaintiffs cannot demonstrate "irreparable" harm sufficient to warrant the imposition of an injunction. Regardless, even if this Court was persuaded that the potential loss of the mortgaged property could be construed as irreparable harm, Plaintiffs' request nonetheless fails given the complete lack of merit on their underlying claims.

### 3. Plaintiffs Have Failed To Establish That The Balance Of Equities Weighs In Favor Of An Injunction

Before granting an injunction, a court must also balance the relative hardship to each party before granting injunctive relief. In this case, Plaintiffs' motion offers no justification for the relief sought, other than to appeal to the Court's sympathy and suggest that Defendants' exercise of their contractual and statutory rights to recover the loan balance will cause the Plaintiffs hardship. This plainly is not enough to enjoin Defendants from exercising the legal rights to recover the collateral for their loans.

### 4. Plaintiffs Have Failed To Establish That The Public Interest Will Be Served By The Requested Injunction

Public policy also weighs against the issuance of the requested injunction. The Complaint makes clear that this action involves nothing more than an attempt by Plaintiffs to delay the conclusion of foreclosure proceedings that fully comport with applicable State law. In their attempt to preserve their own self-interests, Plaintiffs hope to deny Defendants their superior right to the property. Plaintiffs have offered nothing to establish that the interest of Michigan's residents would best be served through judicial interference with mortgage lenders who have done nothing wrong. To the contrary, this Court could deal a serious blow to the

mortgage loan market in Michigan should contractual certainty be lost through arbitrary enforcement of otherwise legal and enforceable loan provisions and remedies. This factor also decidedly weighs in favor of Defendants and against Plaintiffs in this case.

### B. The Anti-Injunction Act Limits Federal Courts From Granting Injunctions To Stay State Court Proceedings

The Anti-Injunction Act, 28 U.S.C. § 2283, provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court unless the injunction falls within one of three specifically defined exceptions. *Foster v. Argent Mortg. Co., L.L.C.*, 2007 WL 2109558 (E. D. Mich.) (attached as **Exhibit N**), citing *Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286-87, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970). The three exceptions are: (1) where Congress expressly authorizes an injunction, (2) where an injunction is necessary in aid of the court's jurisdiction, or (3) where an injunction is necessary to protect or effectuate the court's judgments. *Martingale LLC v. City of Louisville*, 361 F.3d 297, 302 (6th Cir.2004). Once the Anti-Injunction Act defense is raised, the party pursuing the injunction bears the burden of establishing that the injunction falls within one of the exceptions. *Id.*

Plaintiffs' motion requests entry of an injunctive order staying the pending state court eviction proceedings following Wells Fargo's statutory foreclosure action. This is precisely the type of request that §2283 was intended to preclude. Plaintiffs are requesting that this Court enjoin a legal state court proceeding when such extraordinary action is not expressly authorized by Congress or necessary to aid the court's jurisdiction. Moreover, the Court has not issued a judgment in this matter and, thus, there is no judgment to protect or effectuate.

### IV. CONCLUSION AND REQUESTED RELIEF

For all of the above reasons, Plaintiffs' motion should be denied.

                                        Respectfully submitted,

                                        s/Charity A. Olson
                                        Matthew J. Boettcher (P40929)
                                        Charity A. Olson (P68295)
                                        PLUNKETT COONEY
                                        Attorneys for Wells Fargo and Chase
                                        38505 Woodward Avenue, Suite 2000
                                        Bloomfield Hills, MI 48304
                                        (248) 901-4035

Dated: May 7, 2009

### PROOF OF SERVICE

I, Charity A. Olson, hereby certify that on May 7, 2009, a copy of Defendants' Response Opposing Plaintiffs' Motion for Preliminary Injunction for Charity A. Olson, as counsel in this case for Defendants, Wells Fargo and Chase, was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                        Francois Nabwangu (P61388)
                                        FRANCOIS NABWANGU, PLC
                                        Joseph M. Wright (P71885)
                                        Elwood S. Berry, Jr. (P28880)
                                        Deborah A. Dickson (39841)
                                        Douglas K. MacLean (48880)
                                        WRIGHT BERRY CANTRELL &
                                            STANLEY, PLLC
                                        Attorneys for Plaintiffs

                                      By:    s/Charity A. Olson
                                        Matthew J. Boettcher (P40929)
                                        Charity A. Olson (P68295)
                                        PLUNKETT COONEY
                                        Attorneys for Wells Fargo and Chase
                                        38505 Woodward Avenue,
                                        Suite 2000
                                        Bloomfield Hills, MI 48304
                                        (248) 901-4035

Blmfield.17807.90035.1109996-1