UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Robert Leavell and Joella J. Leavell,

    Plaintiffs,

v.                                             Case No. 08-15278

Wells Fargo Bank, N.A., *et al.*,            Honorable Sean F. Cox

    Defendants.
_____/

## ORDER
## DISMISSING PLAINTIFFS' CLAIMS AGAINST
## JP MORGAN AND WELLS FARGO WITH PREJUDICE

On or about December 4, 2008, Plaintiffs Robert Leavell and Joella Leavell ("Plaintiffs") filed this action against the following Defendants in Oakland County Circuit Court: 1) JP Morgan Chase Bank, Inc. ("JP Morgan"); 2) Wells Fargo Home Mortgage, Inc. ("Wells Fargo"); 3) Barnes & Racette, Inc. ("B&R, Inc."); 4) Guarantee Title and Trust, Inc. ("GTT"); 5) Ella Yiannatji; and 6) Edward Lee. Plaintiffs' complaint asserts the following claims: "Slander of Title and Quiet Title Common Law Rescission" (Count I); "Fraud" (Count II); "Conspiracy" (Count III); "Michigan Consumer Protection Act MCL 445.901 *et seq*. and Unlawful Trade Practices" (Count IV); "Negligence" (Count V); "Unjust Enrichment" (Count VI); and "TILA 15 USC 1601 *et seq*." (Count VII).

All of Plaintiffs' claims relate to a 1999 mortgage on a home located at 4715 Trailview in West Bloomfield, Michigan. At the time they filed this action, Plaintiffs were in the midst of state foreclosure proceedings.

On December 26, 2008, Defendants removed the action to this Court, based on federal

1

question jurisdiction. After the action was removed to this Court, Plaintiffs filed a Motion for Preliminary Injunction, asking this Court to enjoin the state court foreclosure proceedings. At that time, the only Defendants that had been served were JP Morgan and Wells Fargo.

After full briefing and oral argument, this Court denied the motion in a written Opinion & Order issued on May 19, 2009. (Docket Entry No. 17). In the May 19, 2009 Opinion & Order, this Court concluded that Plaintiffs had not established that an exception to the Anti-Injunction Act's bar on enjoining state court proceedings existed. The Court further concluded that Plaintiffs had not established that they are entitled to a preliminary injunction. In so ruling, the Court found that Plaintiffs had not established a strong likelihood of success on the merits of their claims because "Plaintiffs' legal and equitable claims are barred under the applicable statutes of limitations, the doctrines of laches and the TILA's statutory provisions." (*Id*. at 9).

As of July 6, 2009, Plaintiffs had still not served the following Defendants: 1) B&R, Inc.; 2) GTT, 3) Ella Yiannatji, and 4) Edward Lee. Accordingly, this Court issued an Order to Show Cause, directing Plaintiffs to respond in writing no later than July 14, 2009, why those Defendants should not be dismissed for failure to effect timely service. (Docket Entry No. 20). Plaintiffs filed no response to the Show Cause Order and those Defendants were dismissed in an Order dated August 4, 2009. (Docket Entry No. 21).

The Scheduling Order in this matter required the parties to file witness lists no later than October 30, 2009. (Docket Entry No. 24). JP Morgan / Wells Fargo filed a timely witness list. To date, Plaintiffs have failed to file a witness list.

On December 29, 2009, JP Morgan / Wells Fargo filed a Motion for Summary Judgment. (Docket Entry No. 26). On January 27, 2010, this Court notified the parties that the motion

would be heard by the Court on March 4, 2010. (Docket Entry No. 27).

Pursuant to Rule 7.1(b) of the Local Rules for the United States District Court for the Eastern District of Michigan, a "respondent opposing a motion must file a response, including a brief and supporting documents then available." Rule 7.1(d) further provides that a response to a dispositive motion must be filed within 21 days after service of the motion. Thus, if Plaintiffs oppose Defendants' pending motion, Plaintiffs were required to file a brief in opposition to same within 21 days of service of the motion. Although the time permitted under Local Rule 7.1 for filing a response to the pending motion had passed, as of January 28, 2010, no brief in opposition to the motion had been filed by Plaintiffs. This Court then issued a Show Cause Order, directing Plaintiffs to show cause, in writing, no later than February 2, 2010, why JP Morgan / Wells Fargo's unopposed Motion for Summary Judgment should not be granted. (Docket Entry No. 28). That Order expressly cautioned:

> **Plaintiffs are cautioned that failure to timely respond to this Order may result in this action being dismissed for failure to prosecute.**

(*Id.*) (emphasis in original).

Nevertheless, Plaintiffs[1] have not filed any response to Defendant's Motion, nor have they filed any response to this Court's Show Cause Order. In addition, neither Plaintiffs nor their counsel appeared for the March 4, 2010 hearing. The Court therefore concludes that, under the circumstances presented here, Plaintiffs' claims against JP Morgan and Wells Fargo should be dismissed, under FED. R. CIV. P. 41, for failure to prosecute.

The Court further concludes that dismissal of Plaintiffs' claims against JP Morgan and

---

[1] Plaintiffs have been represented by Counsel at all times in this action.

Wells Fargo would also be warranted for reasons set forth in Defendants' Motion for Summary Judgment and in this Court's May 19, 2009 Opinion & Order.

Accordingly, **IT IS ORDERED** that Plaintiffs' claims against JP Morgan and Wells Fargo are hereby **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: March 8, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 8, 2010, by electronic and/or ordinary mail.

s/Jennifer Hernandez
Case Manager